IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOLLY M. GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV977-SRW |
| ) | (WO) |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Molly Glover brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be affirmed.

**BACKGROUND**

On January 18, 2005, plaintiff filed an application for disability insurance benefits, alleging that she became unable to work on July 31, 2004 due to a neck injury, arthritis, high blood pressure, diabetes, obesity, and leg problems. (R. 55-56). On November 7, 2006, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on February 2, 2007. The ALJ concluded that plaintiff suffered from the severe impairments of diabetes, arthritis, hypertension and obesity.

(R. 18). He found that plaintiff's impairments, considered in combination, did not meet or equal the severity of any of the impairments in the "listings" and, further, that plaintiff retained the residual functional capacity to perform her past relevant work. Thus, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. On August 30, 2007, the Appeals Council denied plaintiff's request for review.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION[1]

Plaintiff has not sought treatment from a psychiatrist or psychologist. (R. 108, 113). Plaintiff presented to her primary care physician for a diabetes check-up on March 8, 2005 with multiple complaints. Her doctor diagnosed depression and prescribed Zoloft. (R. 166).

On March 15, 2005, Dr. J. Walter Jacobs, a psychologist, performed a consultative psychological examination. He noted plaintiff's prescription for Zoloft. Dr. Jacobs diagnosed "Major Depression, Single Episode, Mild" and "Anxiety Disorder NOS." (R. 113-116). On March 29, 2005, Dr. Pilar Vargas, a non-examining psychiatrist, completed a Psychiatric Review Technique Form (Exhibit 4F) and a Mental Residual Functional Capacity Assessment (Exhibit 5F). (R. 117-36). Dr. Vargas assessed plaintiff's level of functioning in each of the four areas listed in the Commissioner's regulations at 20 C.F.R. § 404.1520a(e)(2), concluding that plaintiff has a "moderate" degree of limitation in maintaining concentration, persistence or pace; "mild" limitations in activities of daily living and maintaining social functioning; and that she has had no episodes of decompensation. (R. 127). With regard to specific mental activities, Dr. Vargas concluded that plaintiff is moderately limited in her ability to: understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from supervisors, and respond appropriately to

---

[1] Because plaintiff does not challenge the ALJ's findings regarding her physical impairments and limitations, the court will discuss only the evidence regarding plaintiff's mental impairments. The court has, however, reviewed all of the evidence of record.

3

changes in the work setting.  As to all other mental activities listed on the mental RFC form, Dr. Vargas determined that plaintiff is not significantly limited.  (R. 132-33).

Treatment notes from plaintiff's primary care physician for office visits in May and August 2005 do not reference plaintiff's depression.  (R. 162-64).  In October 2005, the treatment note indicates that plaintiff "wants to restart med for depression[.]"  Plaintiff's physician again prescribed Zoloft.  (R. 159).  In notes for office visits from November 2005 through October 2006, plaintiff's physician makes no reference to plaintiff's depression.  (R. 147-56).

Plaintiff's sole allegation of error is that the ALJ did not adequately evaluate her mental impairments.  She contends that the ALJ failed to follow the mandatory procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520. (Plaintiff's brief, pp. 8-10).  The Commissioner's regulations set out a specific technique that is to be used at the initial and administrative hearing levels to evaluate a claimant's mental impairments.  20 C.F.R. § 404.1520a.  The Eleventh Circuit has summarized the ALJ's responsibility as follows:

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments.  20 C.F.R. § 404.1520a-(c)(3-4).  This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation."  20 C.F.R. § 404.1520a-(e)(2).
>
> * * *
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions.  Failure to do so requires remand.

4

Moore v. Barnhart, 405 F.3d 1208, 1213-14 (11th Cir. 2005). The Commissioner's regulations state that "[t]he decision must include a specific finding as to the degree of limitation in each of the [four identified] functional areas[.]" 20 C.F.R. § 404.1520a(e)(2).

In his finding regarding plaintiff's residual functional capacity, the ALJ specifically found that plaintiff has "a mild degree of limitation in activities of daily living; mild limitation in maintain[ing] social functioning; moderate limitation in maintaining concentration, persistence or pace and no episodes of decompensation." (R. 20, ¶ 5). Plaintiff admits that the ALJ made the findings required by the regulation but argues that he erred by failing to apply those findings to determine at step two of the sequential analysis that plaintiff suffers from severe impairments of depression and anxiety. (Plaintiff's brief, pp. 10-11).

Even assuming that the ALJ erred by failing to find plaintiff's mental impairments to be "severe" at step two, the error does not warrant reversal. The ALJ discussed all of the medical evidence relating to plaintiff's mental impairments. (R. 19-20). Since the ALJ found that plaintiff suffered from "severe" physical impairments and, therefore, proceeded beyond step two of the sequential analysis, any error in failing to classify plaintiff's mental impairments as "severe" is harmless. See McKiver v. Barnhart, 2005 WL 2297383 (D. Conn. 2005)("While plaintiff is correct that the ALJ, at step two, should screen out only *de minimis* claims, the ALJ in this case did not screen out plaintiff's claim at step two. Rather, based on his finding of a severe *physical* impairment, he continued with the five-step sequential evaluation process, finding her 'not disabled' at step four based upon her residual

functional capacity to perform her past relevant work. Thus, his failure to find that her mental impairment was 'severe' or to consider a combination of her physical or mental impairments [at step two] was, at worst, harmless error.")(citations omitted)(emphasis in original); see also Street v. Barnhart, 340 F.Supp.2d 1289, 1293-94 (M.D. Ala. 2004), *affirmed*, 133 Fed. Appx. 621 (11th Cir. May 18, 2005)(failure to list low IQ as a distinct severe impairment was harmless error where ALJ referred to plaintiff's "borderline intellectual functioning" in his decision and considered plaintiff's "severe and not severe impairments" in combination in subsequent analysis).

The ALJ was obligated to consider plaintiff's non-severe impairments in combination with her severe impairments in assessing her claim. See Jones v. Dept. of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991). The ALJ's decision sufficiently indicates that he did so. In Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002), the Eleventh Circuit held that an ALJ's statement that "'the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment *or combination of impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4'" was "evidence that he considered the combined effects of Wilson's impairments." (alterations and emphasis in original). The Eleventh Circuit rejected the district court's determination that the ALJ had failed to discuss the cumulative effects of the plaintiff's impairments. In the present case, the ALJ likewise found that the plaintiff does not have "an impairment *or combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix

1[.]"  (R. 20, Finding no. 4)(emphasis added).  The ALJ specifically noted the functional limitations set forth in Dr. Vargas' RFC assessment.  (R. 19).  The court has no basis for concluding that the ALJ failed to consider those limitations at steps three and four.

In reaching his step four finding that plaintiff is able to perform past relevant work, the ALJ relied on testimony from a vocational expert.  (R. 22). The VE testified that an individual with the plaintiff's vocational profile and the limitations set forth in Exhibits 2F through 6F could perform some of plaintiff's past relevant work.  (R. 196).  Plaintiff argues that this testimony is not sufficient to support the ALJ's decision because the ALJ failed to enumerate the plaintiff's limitations in his question to the VE, instead simply referencing the exhibits by number.  Plaintiff contends that the ALJ's incorporation by reference of the functional limitations in these exhibits leaves the VE's understanding of the functional limitations unclear.  The court agrees that the ALJ should specifically list the functional limitations, rather than referring the VE to the exhibits in the record. However, under the circumstances of this particular case, the ALJ's question did not require the vocational expert to speculate about the limitations; Exhibits 5F and 6F are the detailed mental and physical residual functional capacity forms, and Exhibit 4F is the PRTF rating plaintiff's mental limitations in the four broad functional areas identified above.  Exhibits 2F and 3F –  the reports of plaintiff's physical and mental consultative examinations – include only a few comments about plaintiff's functional abilities, none of which conflict in any way with the limitations set forth in Exhibits 4F through 6F.  Accordingly, the VE need only have read the cited exhibits to understand the limitations to which the ALJ was referring.

Additionally, at step four of the analysis, the claimant bears the burden of showing that she is unable to perform her past relevant work.  See Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991)(citing Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990)); see also Moore, 405 F.3d at 1211 ("[The social security] regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work.").  Plaintiff has not demonstrated that the requirements of her past relevant work are not within her residual functional capacity.

## CONCLUSION

Upon review of the record as a whole, the court concludes that the Commissioner's decision is supported by substantial evidence and proper application of the law and, accordingly, that it is due to be affirmed.  A separate judgment will be entered.

Done, this 22nd day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE